UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24741-ALTMAN/Becerra

**MARK T. STINSON, SR.**,

    *Plaintiff*,

v.

**NATIONSTAR MORTGAGE, LLC**,
*d/b/a* **MR. COOPER**,

    *Defendant*.
_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Our Plaintiff, Mark Stinson, Sr., has filed a Motion for Leave to Proceed *in Forma Pauperis* ("IFP Motion") [ECF No. 3] in his lawsuit against Nationstar Mortgage, LLC (d/b/a "Mr. Cooper"). Because the Complaint [ECF No. 1] is an impermissible shotgun pleading, we **DENY** the Plaintiff's IFP Motion and **DISMISS** the Complaint **without prejudice** under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff will have **30 days** to file an amended complaint and a new IFP motion.

### THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Our Plaintiff[1] is a Florida resident, *see* Complaint at 3 (indicating, beneath the Plaintiff's signature, that he resides in Miami), and the Defendant is a foreign limited liability company that "provide[s] mortgages to potential homeowners nationwide," *id.* ¶ 2. This action arises from the 2017 foreclosure on (and the subsequent 2018 sale of) the Plaintiff's Tennessee home. *See* Complaint ¶¶ 3, 6 ("On or about November 2017, the Plaintiff received a letter stating that his home was being foreclosed . . . . The Plaintiff['s] home was illegally sold[.]"); *see also* Exhibit 1 [ECF No. 1-1] at 3

---

[1] The Plaintiff identifies himself as a "Florida corporation." Complaint ¶ 1. But he's actually an individual who calls himself "Mark T. Stinson, Sr."

2

(providing the "Sale History" of the property and indicating a November 27, 2017, sale by the Plaintiff via "Trustee's Deed" and a December 17, 2018, sale by Nationstar via "Special Warranty Deed").

The Plaintiff claims that the Defendant wrongly prevented him from contesting the foreclosure and sale. *See* Complaint ¶ 8 ("The plaintiff's home was **fraudulently** sold[.]")[2]; *id.* ¶ 11 ("The Defendant *didn't give* the Plaintiff an opportunity to buy back the house back or try to refinance the property."). He therefore contends that the Defendant "has violated the *Tennessee Consumer Protection Act*[ ] with their fraudulent deceptive acts," and he maintains that the "Defendant is in *breach of said contract*."[3] *Id.* ¶¶ 10, 12. As redress, he "seeks specific performance of the contract" and $1.2 million in damages. *Id.* ¶¶ 12–13.[4] We now dismiss the Complaint because it's a shotgun pleading.

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A shotgun pleading is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023) (Altman, J.) (cleaned up). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

---

[2] Emphasis is in the original anytime we quote the Complaint. So too are any errors.
[3] We're assuming this is the mortgage contract, but the Plaintiff doesn't tell us.
[4] There are two paragraph 13s. This quotation is from the first.

3

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). *Two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up)).

The Complaint violates Rule 10(b) and falls into *Embree*'s second and third categories of shotgun pleadings. Starting with 10(b), several of the Complaint's numbered paragraphs aren't "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Instead, they refer to multiple alleged wrongdoers, incidents, and legal theories. For example, in paragraph 6, the Plaintiff alleges the following:

> The Plaintiff home was illegally sold and the appeal that was filed in General Sessions Court was never heard, and the Plaintiff was illegally sent to prison and all the transaction for this *illegal sale* was done after the Plaintiff was sent to prison.

Complaint ¶ 6. By discussing the sale of the house, the subsequent appeal, and his arrest (for what? We don't know), the Plaintiff has failed to limit this paragraph to "a single set of circumstances." FED. R. CIV. P. 10(b). We see this again in the following paragraph: "The Plaintiff home was illegally sold so he couldn't refinance the home to hire an experience tax attorney for his *federal trial* . . . and therefore had to settle for an inexperience public defender who was ineffective and without any business tax knowledge." Complaint ¶ 7. Here, the Plaintiff has conjoined the home sale, a refinancing, a federal trial, and his inability to hire competent counsel to defend himself in that unrelated trial. When "numbered allegations . . . frequently consist of multiple assertions, some of which have no logical connection to one another," needless difficulties arise in "determining which factual allegations

4

are intended to support which claims." *Mendenhall v. Kendall*, 2022 WL 17348974, at *8 (S.D. Ala. Nov. 3, 2022) (Bivens, Mag. J.).

As to *Embree*'s second category of shotgun pleadings, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Embree*, 779 F. App'x at 662. For example, in Count A, the Plaintiff alleges three times—in one form or another—that his home was "illegally sold." *See* Complaint ¶¶ 6–7. He also asserts that he was "illegally sent to prison." *Id.* ¶ 6. He then tells us (as we've already mentioned) that the illegal sale of his home prevented him from "refinance[ing]" it, which prevented him from "hir[ing] an experience tax attorney for his *federal trial*," which in turn forced him to "settle for an inexperience public defender who was ineffective and without any business tax knowledge." *Id.* ¶ 7. And this may be why, in his prayer for damages, the Plaintiff tries to connect the Defendants to his "loss of liberty." *Id.* ¶ 13.[5] Even when we construe these portions of the Complaint liberally, we have no idea what these allegations have to do with any of the Plaintiff's claims.

On the third *Embree* prong, the Plaintiff "fails to separate into a different count each cause of action," *Embree*, 779 F. App'x at 662. The Plaintiff appears to be proceeding under at least five theories of liability: "Breach of Contract, Misrepresentation, Fraud, Conversion, and . . . Concealment or Fraud by Suppression." Complaint at 2. But he's only pled two counts. In Count A, he says:

> On or about November 2017, the Plaintiff received a letter stating that his home was being foreclosed and a date was set but the Plaintiff doesn't remember the date. On February 2, 2018, the Plaintiff filed an appeal in General Sessions Court Shelby County, Tennessee . . . . 9127 Dalry Cove, Cordova, TN has been the Plaintiff primary place of residence since September 2003. . . . The Plaintiff['s] home was illegally sold and the appeal that was filed in General Sessions Court was never heard, and the Plaintiff was illegally sent to prison and all the transaction for this *illegal sale* was done after the Plaintiff was sent to prison. The Plaintiff home was illegally sold so he couldn't refinance the home to hire an experience tax attorney for his *federal trial* . . . and therefore had to settle for an inexperience public defender who was ineffective and without any business tax knowledge.

---

[5] This quotation is from the first paragraph 13.

*Id.* ¶¶ 3–7. Here, the Plaintiff has failed to state any claim at all. Instead, he has strung together several historical facts pertaining to the home sale (and some relating to his unrelated federal prosecution) without specifying what the Defendant's role was. Indeed, the Defendant is entirely absent from this Count—as are any allegations of wrongdoing by anyone else (other than bald assertions that his home was "illegally sold," *id.* ¶ 7). In short, Count A tells us almost nothing.

Count B, by contrast, tells us too much. Here, the Plaintiff shoehorns into one count at least three separate causes of action:

> The plaintiff's home was **fraudulently** sold, and Mr. Cooper and government concealed all the transaction in this process. Mr. Cooper had a fiduciary duty to consult with the plaintiff before legal action was taken. Mr. Cooper has violated the **Tennessee Consumer Protection Act**, with their fraudulent deceptive acts. The Defendant ***didn't give*** the Plaintiff an opportunity to buy the house back or try to refinance the property.

*Id.* ¶¶ 8–11. As this quotation makes plain, Count B includes allegations of fraud, concealment, and breach of contract. The Plaintiff has thus disregarded "the principle that separate, discrete causes of action should be [pled] in separate counts." *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996). Each cause of action must be repackaged as an individual count so that the Defendants (and the Court) know exactly what the Plaintiff is alleging and against whom. *See Gabriel v. Windy Hill Foliage Inc.*, 2022 WL 2288687, at *2 (11th Cir. June 24, 2022) (per curiam) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." (quoting FED. R. CIV. P. 10(b))).

Because it's our "duty" to "ensure[ ] that the issues get defined at the earliest stages of the litigation," we must "strike the complaint and instruct [the Plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). "Where a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least *one chance* to amend the complaint before the district court dismisses

the action with prejudice" *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (cleaned up). Accordingly, the Plaintiff must refile his claims with "numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b), and separate each cause of action into different counts. Along the way, the Plaintiff must (1) explain how he's been injured (and by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of at least one viable cause of action, supporting each element with specific factual allegations. If the Plaintiff files an amended complaint that fails to satisfy these requirements, we will dismiss the amended complaint *without leave to amend*.

\* \* \*

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Motion to Proceed *In Forma Pauperis* [ECF No. 3] is **DENIED**.

2. The Complaint [ECF No. 1] is **DISMISSED without prejudice**.

3. The Plaintiff may file an **amended complaint** by **January 19, 2024**. That amended complaint must comply with our Local Rules, the Federal Rules of Civil Procedure, and this Order. Failure to file an amended complaint by January 19, 2024, *will* result in *dismissal without leave to amend*.

4. The Clerk of Court is directed to **CLOSE** this case for administrative purposes pending the Plaintiff's filing of an amended complaint.

**DONE AND ORDERED** in the Southern District of Florida on December 19, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Mark T. Stinson, Sr., *pro se*

7