UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24741-ALTMAN/Becerra

**MARK T. STINSON, SR.**,

    *Plaintiff*,

v.

**NATIONSTAR MORTGAGE, LLC**,
*d/b/a* **MR. COOPER**,

    *Defendant*.

_____/

**ORDER DENYING SECOND MOTION FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS***

Our Plaintiff, Mark Stinson, Sr., has filed a Second Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 13] in his lawsuit against Nationstar Mortgage, LLC (d/b/a "Mr. Cooper"). But, because the Amended Complaint [ECF No. 12] is *still* an impermissible shotgun pleading,[1] we **DENY** the Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and **DISMISS** the Complaint **without prejudice** under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff will have **30 days** to file a **FINAL** second amended complaint and a new IFP motion. If this second amended complaint fails to comply with this Order, the Federal Rules of Civil Procedure, or our Local Rules, **we will dismiss the Plaintiff's complaint with prejudice**.

---

[1] This Amended Complaint consists of a slightly edited version of the Plaintiff's original three-page Complaint [ECF No. 1]—plus six pages of (1) miscellaneous and irrelevant caselaw pertaining to subject-matter jurisdiction, forum-selection clauses, and legal standards, and (2) an affidavit. *See generally* Amended Complaint. Because the deficiencies we identified in the original Complaint are still present—if not even more pronounced—in this Amended Complaint, our analysis here tracks and in many instances duplicates our Order Denying the First Motion to Proceed *In Forma Pauperis* [ECF No. 9].

1

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Our Plaintiff is a Florida resident. *See* Amended Complaint at 6–7 ("[The Plaintiff] now resides in Miami, FL and is requesting that this matter remain in the U.S. District Court Southern District of Florida, Miami Division because it would be an *inconvenience and unfairness* to transfer, it is in the *interest of justice* which would not happen in the U.S. District Court Western District of Tennessee, Western Division, that has already shown prejudice upon the plaintiff.").[2] And the Defendant is a foreign limited liability company that provides "mortgages to potential homeowners nationwide." *Id.* ¶ 2. This action arises from what appears to be the 2017 foreclosure (and subsequent sale) of the Plaintiff's Tennessee home. *See* Amended Complaint ¶ 3 ("On or about November 2017, the Plaintiff received a letter stating that he had to leave his home because the Plaintiff then wife signed a quit deed."); *id.* ¶ 7 ("[The Defendant] *fraudulently* sold the Plaintiff's home and all the transaction in this process was concealed."); Sale History [ECF No. 12] at 12 (indicating a November 27, 2017, sale by the Plaintiff via "Trustee's Deed" and a December 17, 2018, sale by Nationstar via "Special Warranty Deed").

The Plaintiff claims that the Defendant wrongly prevented him from contesting the foreclosure and sale. *See* Amended Complaint ¶ 8 ("Mr. Cooper had a fiduciary duty to consult with the plaintiff before legal action was taken and before the subsequential sale of the home."); *see also id.* ¶ 16 ("The Defendant *didn't give* the Plaintiff an opportunity to buy back the house back or try to refinance the property."). He therefore contends that the Defendant "has violated the *Tennessee Consumer Protection Act*[ ] with their fraudulent deceptive acts," and he maintains that the "Defendant is in *breach of said contract*."[3] *Id.* ¶¶ 10, 17. As redress, he seeks $1.2 million in damages

---

[2] Whenever we quote from the Amended Complaint, any emphases (and errors) are in the original.
[3] We're assuming that this is the mortgage contract, but the Plaintiff doesn't tell us.

3

and "specific performance." *Id.* ¶ 19. We now dismiss the Amended Complaint because it's a shotgun pleading.

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A shotgun pleading is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023) (Altman, J.) (cleaned up). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). *Two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up)).

The Complaint violates Rule 10(b) and falls into *Embree*'s second and third categories of shotgun pleadings. Starting with 10(b), much of the Amended Complaint consists of *unnumbered* paragraphs that are nothing more than copied-and-pasted caselaw pertaining to wholly irrelevant

4

issues. *See* Amended Complaint at 3–4 (discussing subject-matter jurisdiction and forum-selection clauses), *see also id.* at 5-7 (discussing legal standards); *id.* at 8–9 (discussing the Florida Rules of Civil Procedure). The Plaintiff has also attached an affidavit that reads like a separate—but duplicative—complaint. *See id.* at 7–8. And, in that affidavit, the Plaintiff has failed to "limit[ ] as far as practicable [each paragraph] to a single set of circumstances." FED. R. CIV. P. 10(b). For example, he writes:

> That the Defendant, intentionally **maliciously violated the Tennessee Consumer Protection Act T.C.A.** § 47-18-104, § 47-18-102(b) . . . , § 47-18-109(a) . . . , *intentionally* maliciously violated Tenn. Code Ann. s47-18-104 . . . ; fraud, breach of fiduciary duty, misappropriation of funds, misrepresentation, breach of contract, breach of duty of good faith, unfair dealings, loss of liberty, fraud, conspiracy, specific performance, quantum merits, *all these acts were intentionally*.

*Id.* at 7. Unsurprisingly, we have no idea what to make of this. *See Mendenhall v. Kendall*, 2022 WL 17348974, at *8 (S.D. Ala. Nov. 3, 2022) (Bivens, Mag. J.) (noting that, when "numbered allegations . . . frequently consist of multiple assertions, some of which have no logical connection to one another," needless difficulties arise in "determining which factual allegations are intended to support which claims").

The Amended Complaint also falls into the second category of shotgun pleading because it "is replete with *conclusory*, *vague*, and immaterial facts not obviously connected to any particular cause of action." *Embree*, 779 F. App'x 662 (emphasis added). For example, here is the entirety of Claim A:

> In or about November 2017, the Plaintiff received a letter stating that he had to leave his home because the Plaintiff then wife signed a quit deed. On February 2, 2018, the Plaintiff filed an appeal in General Sessions Court Shelby County, Tennessee . . . . 9127 Dalry Cove, Cordova TN has been the Plaintiff primary place of residence since September 2003. . . . The contract and supporting documents and signature pages are not attached as all parties have copies of same . . . . [The Defendant] *fraudulently* sold the Plaintiff's home and all the transaction in this process was concealed.

Amended Complaint ¶¶ 3–7. Nothing here implicates the Defendant until the last sentence, and that sentence is far too conclusory and vague to carry an entire cause of action. *See Harper v. Pro. Prob. Serv.*, 976 F.3d 1236, 1240 n.4 (11th Cir. 2020) ("A complaint may be dismissed for failure to state a claim when, ignoring any 'mere conclusory statements,' the remaining allegations do not 'plausibly suggest'

5

that the defendant is liable.'" (quoting *Iqbal*, 556 U.S. at 678, 671)); *see also Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) ("If these problems were not enough to make [the complaint] a shotgun pleading, the complaint also contains *numerous vague and conclusory allegations*."). And, as to "immaterial facts," *Embree*, 779 F. App'x 662, the Amended Complaint includes—again—several pages of inapposite, copied-and-pasted caselaw. *See* Amended Complaint at 3–4; *see also id.* at 5–7; *id.* at 8–9.

As to the third *Embree* prong, the Plaintiff "fails to separate into a different count each cause of action." *Embree*, 779 F. App'x at 662. In Claim C, the Plaintiff alleges violations of *both* state statutes *and* the U.S. Constitution. *See* Amended Complaint ¶ 10 ("Mr. Cooper has violated the **Tennessee Consumer Protection Act**, with their fraudulent deceptive acts."); *see also id.* ¶¶ 12–13 ("The Defendant has committed a due process violation. The Defendant has violated the Plaintiff Fifth and Fourteenth Amendment Rights."). This won't do because the Plaintiff cannot disregard "the principle that separate, discrete causes of action should be [pled] in separate counts." *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996). Each cause of action must be repackaged as an individual count so that the Defendants (and the Court) know exactly what the Plaintiff is alleging and against whom. *See Gabriel v. Windy Hill Foliage Inc.*, 2022 WL 2288687, at *2 (11th Cir. June 24, 2022) (per curiam) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." (quoting FED. R. CIV. P. 10(b))).

Because it's our "duty" to "ensure[ ] that the issues get defined at the earliest stages of the litigation," we must "strike the complaint and instruct [the Plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). "Where a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least *one chance* to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)

6

(cleaned up). Although we've already given the Plaintiff one such chance, *see* Order Denying First Motion to Proceed *In Forma Pauperis*, we'll give him one more—and **only one more**.

In sum, the Plaintiff must refile his claims with "numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b), and separate each cause of action into different counts. Along the way, the Plaintiff must (1) explain how he's been injured (and by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of at least one viable cause of action, supporting each element with specific factual allegations. If the Plaintiff files a second amended complaint that fails to satisfy these requirements, **we will dismiss the second amended complaint without leave to amend**.

\* \* \*

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Second Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 13] is **DENIED**.

2. The Amended Complaint [ECF No. 12] is **DISMISSED without prejudice**.

3. The Second Motion for Referral to the Volunteer Attorney Program [ECF No. 11] is **DENIED as moot**. The Plaintiff may refile such a motion if he files a second amended complaint.

4. The Plaintiff may file a **second amended complaint** by **January 26, 2024**. That second amended complaint must comply with our Local Rules, the Federal Rules of Civil Procedure, and this Order. Failure to file an amended complaint by January 26, 2024, *will* result in *dismissal without leave to amend*.

5. This case remains **CLOSED** for administrative purposes pending the Plaintiff's filing of his second amended complaint.

**DONE AND ORDERED** in the Southern District of Florida on December 26, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
   Mark T. Stinson, Sr., *pro se*