IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARK T. STINSON,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br>d/b/a MR. COOPER,<br><br>    Defendant. | )<br>)<br>)<br>)    No. 2:24-cv-02094-SHL-cgc<br>)<br>)<br>)<br>) |

**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT WITH PREJUDICE, AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**

Before the Court is Magistrate Judge Charmiane Claxton's Report and Recommendation ("R&R"), entered on August 12, 2024, recommending that the Court dismiss Plaintiff Mark Stinson's pro se Second Amend[ed] Complaint for Specific Performance and Damages Based on Breach of Contract, Misrepresentation, Fraud, Conversion, for Concealment or Fraud by Suppression, and Forum Selection (ECF No. 15), for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 45 at PageID 32–34.)

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When no timely

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

The R&R was entered on August 12, 2024. (ECF No. 45.) More than fourteen days have now passed, and Stinson has not filed any objections to the R&R. Since no objections have been filed, the Court reviews the R&R in its entirety for clear error and finds no substantive errors in the R&R's reasoning.[1] There is no clear error in this analysis.

The R&R properly describes how Stinson failed to respond to Defendant's motion to dismiss and the Court's show cause order. (See ECF No. 45 at PageID 32.) The R&R then reasons through why this complaint should be dismissed for failure to prosecute under Rule 41(b). (Id. at PageID 33.)

Thus, the Court **ADOPTS** the Magistrate Judge's R&R and **DISMISSES WITH PREJUDICE** Stinson's complaint. Because the complaint has been dismissed, Defendant's motion to dismiss (ECF No. 42), is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 29th day of August, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] While the caption is correct and the introduction includes the right Defendant—Nationstar Mortgage, LLC, d/b/a Mr. Cooper—the R&R's conclusion incorrectly states the Defendant's name. (See ECF No. 45 at PageID 34.) The Court notes this typographical error for the record.